# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA L. MITCHELL,** | : | **CIVIL ACTION NO. 1:09-CV-1846** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MS. LAMAS,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 14th day of January 2010, upon consideration of defendant's motion (Doc. 11) to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), in which defendant argues that plaintiff's complaint runs afoul of Rule 8(e) (stating in pertinent part, that "[e]ach averment of a pleading shall be simple, concise and direct"), in that it does not contain a short and plain statement of the claim showing entitlement to relief and that it is vague, and fails to include dates of when the alleged events occurred (Doc. 12, at 3, citing Doe v. Morrisville, 130 F.R.D. 612, 615 (E.D.Pa. 1990) (recognizing that Rule 12(e) permits a party to move "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonable prepare a response.")),  and it appearing that, in an effort to cure the deficiencies of the complaint, plaintiff filed a "Revised, Detailed, Complaint" (Doc. 14, docketed as an "Amended Complaint"), and it further appearing that the document submitted is still deficient in that does not include dates or the names of individuals involved in

the alleged wrongdoing and contains a whole host of unrelated claims, potentially in violation of Rule 20 of the Federal Rules of Civil Procedure[1], it is hereby ORDERED that:

1. Defendant's motion (Doc. 11) pursuant to Federal Rule of Civil Procedure 12(e) is GRANTED to the extent that plaintiff will be directed to file an amended complaint.

2. Plaintiff's "Revised, Detailed Complaint" docketed at docket entry 14 as an "Amended Complaint" is STRICKEN.

3. The Clerk of Court is directed to FORWARD to plaintiff a civil rights form complaint.

4. Plaintiff shall FILE an Amended Complaint, utilizing the enclosed civil rights form, on or before January 29, 2010. No attachments to the form will be accepted by the Court.

5. The Amended Complaint shall contain the same case number that is already assigned to this action (1:09-CV-1846) and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

6. Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims will be considered a failure to comply with an order of Court and will result in rejection of the amended complaint. See FED. R. CIV. P. 20.

---

[1] The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

7. Further, failure to file an amended complaint within the specified time period will result in the matter proceeding on the original complaint and the court considering defendant's argument to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

                    <u>S/ Christopher C. Conner</u>
                    CHRISTOPHER C. CONNER
                    United States District Judge