# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA L. MITCHELL,** | : | **CIVIL ACTION NO. 1:09-CV-1846** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MS. LAMAS,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Sandra L. Mitchell ("Mitchell"), a state inmate formerly incarcerated at the State Correctional Institution at Muncy, Pennsylvania ("SCI-Muncy"), commenced this civil rights action against "Ms. Lamas" ("Lamas" or defendant) on September 24, 2009. (Doc. 1.) The matter is proceeding *via* an amended complaint filed on January 20, 2010. (Doc. 17.) Ripe for disposition is defendant's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19.) For the reasons set forth below, the motion will be deemed unopposed and granted.

## I. Procedural Background

Initially, defendant moved to dismiss Mitchell's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). An order issued on January 14, 2010, granting defendant's 12(e) motion and directing Mitchell to file an amended complaint. (Doc. 16.) An amended complaint was filed on January 20,

2010, again, naming Lamas as the sole defendant. (Doc. 17.) Thereafter, defendant filed a motion to dismiss the amended complaint on the same grounds raised in the motion to dismiss the original complaint. Mitchell failed to oppose the motion. Consequently, on February 18, 2010, the motion was deemed unopposed and granted to the extent that plaintiff was directed to file a second amended complaint on or before March 1, 2010. (Doc. 22, at 2, ¶ 1.) Plaintiff was cautioned that her failure to file a second amended complaint within the specified time period would result in the matter proceeding on the amended complaint and the court considering defendant's argument to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6.) (Id. at ¶ 6.) The deadline has passed and a second amended complaint has not been filed. Consequently, the court will rule upon the unopposed 12(b)(6) motion.

## II.     **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and

2

items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Allegations of the Amended Complaint

Mitchell alleges that while incarcerated at SCI-Muncy, her privacy was invaded, she was harassed, retaliated against, her mail was censored, she was threatened, and programs and counseling were withheld. (Doc. 17, at 2-3.) She is seeking monetary compensation, requesting an internal audit and a government investigation. She is also seeking the removal of Lamas, who is employed as the superintendent at SCI-Muncy.

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Such allegations, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. Id. Liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); Rode, 845 F.2d at 1207. To maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Mitchell fails to allege that Lamas was personally involved in any of the wrongdoing described in the complaint. Rather, she is seeking to impose liability against Lamas based solely on her supervisory position as the facility

5

superintendent. The motion to dismiss the amended complaint will therefore be granted.

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson, 293 F.3d at 108. Federal Rule of Civil Procedure 15(a) provides that if a party has already amended its complaint, as is the case here, it may only amend again with consent of the other parties or leave of Court, which "should be freely given when justice so requires." The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15). "Amendment of the

6

complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)(citing Massarsky v. General Motors 706 F2d 111, 125 (3d Cir. 1983)).

Mitchell was directed to amend her complaint in response to defendant's initial motion to dismiss. She timely filed an amended complaint. Because the amended complaint was plagued with the same deficiencies as the original complaint, such as unnumbered paragraphs covering various unrelated topics and an absence of details including dates, defendant moved to dismiss the amended complaint. Even though Mitchell failed to oppose defendant's motion, she was afforded an opportunity to cure the deficiencies by filing a second amended complaint. She failed to file a second amended complaint. Based on the foregoing, it is concluded that affording plaintiff yet another opportunity to amend the complaint would be futile.

## V. Conclusion

For the reasons set forth above, defendant's unopposed motion to dismiss (Doc. 19) will be granted.

An appropriate order will issue.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:     March 11, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA L. MITCHELL,** | : | **CIVIL ACTION NO. 1:09-CV-1846** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MS. LAMAS,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 11th day of March, 2010, upon consideration of defendant's motion to dismiss (Doc. 19) plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The motion (Doc. 19) to dismiss is DEEMED unopposed and granted and the complaint is DISMISSED in its entirety.

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge